UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
99 NOV 30 PM 2:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
NOV 30 1999

| | |
|---|---|
| SOUTHERN NATURAL GAS COMPANY, | ) |
| Plaintiff, | ) |
| vs. | ) CV 97-L-2350-S |
| 1.375 ACRES OF LAND LOCATED IN CULLMAN COUNTY, ALABAMA; WILLIAM THOMAS PARKER; PAULINE PARKER, et al., | ) |
| Defendants. | ) |

RE: Cullman County Tract No. 3

**MEMORANDUM OPINION**

I. <u>Introduction</u>

Currently pending before this court are objections to the Report of Commissioners filed by plaintiff, Southern Natural Gas Company ("Southern") and defendants, William Thomas Parker and Pauline Parker. Under Rule 53(e)(2) of the Federal Rules of Civil Procedure, "the court after hearing may adopt the report or may modify it or may reject it in whole or in part." Likewise, the court's review of the Report of Commissioners is only for clear error. The following paragraphs contain the issues that were

18

discussed in oral argument, the parties' objections to the Report of Commissioners, as well as the court's findings and final judgment.

II. <u>Discussion and Findings</u>

   A.  Damages Awarded for the Permanent Easement

   The Commissioners awarded $2,760 for the permanent pipeline easement. Defendants object to the awarded values claiming that the Commissioners failed to consider the highest and best use of the property as testified by the owner and witnesses. As cited in the <u>Instructions to the Commissioners</u>, when deciding what weight if any to give to opinion evidence, the Commission is to consider the "extent to which their opinions are based upon a thorough and careful analysis of the applicable facts and circumstances and are consistent with the legal principles involved, and the extent to which the reasons given for their opinions appear to be sound and reasonable." The court finds that the testimony of Mr. Parker and his witnesses offered for the valuation was not based on any calculation and was solely an opinion. Therefore, this court approves and adopts the Commissioners' finding as that of this court.

   B.  Amount Awarded for Temporary Easement

   The Commissioners recommended that $268 was appropriate

compensation for the temporary easement and temporary occupancy hindrance. For the reasons discussed above, the Commissioners' findings are approved and adopted as the findings of the court.

C.  Amount Awarded for Increased Pond Costs

The Commissioners recommended that damage for the increased pond costs amounted to $2,000. The Commissioners' findings are approved and adopted as the findings of the Court.

D.  Damage to the Remaining Property

The Commissioners recommended that the landowners be awarded $2,000 as compensation for to the remainder of the property. Plaintiff objects to this award claiming that the evidence does not support such an award. For remainder damages to be an appropriate element of just compensation, the landowners, through credible evidence, must: (1) establish a probable use of the remaining property in the reasonably near future; and (2) establish that the presence of the pipeline will adversely impact such use. No witness testified to any damage to the land outside of the easement. Likewise, no evidence was offered by landowners to prove that the presence of the pipeline restricted any probable use of the property in the reasonably near future as of the date of taking. Mr. Parker testified that he believed the property to be suitable for residential use, but he offered no evidence that such use was probable in the near future. Therefore, the court finds

that there is insufficient evidence to support the awarded amount for damages to the remainder, and the award should be reduced to zero dollars ($0).

Defendants object to the Commissioners' award of remainder damages claiming that the Commissioners failed "to provide any compensation to the Defendant for loss of value to the remaining property." The record does not reflect defendants' claim as the Commissioners did award a substantial amount as compensation. Nevertheless, for the reasons discussed above, the court's decision to modify the award remains.

III. Conclusion

The Commissioners have recommended an award to the owners of the property in the above-described easement in the amount of $7,028[1]. Having concluded that only the remainder element of the Commissioners' award is clearly erroneous, the court has decided to moderate such award from $7,028 to $5,028. In view of the foregoing discussion, a separate judgment will be entered in the amount of $5,028 as just compensation in favor of defendants.

---

[1] The Report of Commissioners states that the four elements of just compensation total $7,110. However, the four elements of compensation actually add up to $7,028. The court is acknowledging this as an error in calculation.

DONE this 30th day of November 1999.

                                                    _/s/ Seybourn H. Lynne_
                                                         SENIOR JUDGE